## Nadel *v.* Peoples Bank, Appellant.

*Banks and banking—Dishonor of check—Estoppel.*

Where a bank returns to an illiterate depositor a bank book balanced, with the checks, and the depositor finds that the checks are genuine and in proper amount, but fails to notice that the bank had by mistake charged in his book an amount in excess of the aggregate amount of the checks, and he subsequently draws checks which should have been paid on a correct accounting between him and the bank, and the checks are dishonored, he is not estopped from successfully maintaining an action for an unwarranted imputation on his financial credit, because he had not discovered the mistake and made complaint to the bank for a month after the settlement of the bank book.

An estoppel against an estoppel setteth the matter at large.

Argued Nov. 1, 1916.    Appeal, No. 189, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1916, No. 344, for plaintiff on case tried by the court without a jury in suit of Nathan Nadel v. Peoples Bank.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for dishonoring a check.    Before KNOWLES, J.

The opinion of the Superior Court states the case.

The court entered judgment for· plaintiff for $100. Defendant appealed.

*Error assigned* was the judgment of the court.

*Julius C. Levi,* for appellant.—The depositor owes to the bank this duty in making an examination of its pass

book and vouchers when they are received from the bank: Myers v. Southwestern Nat. Bank, 193 Pa. 1; McNeely Co. v. Bank of North America, 221 Pa. 588; Connors v. Old Forge, Etc., Bank, 245 Pa. 97; Lesley v. Ewing, 248 Pa. 135.

*Robert M. Bernstein,* with him *Clinton A. Sowers,* for appellee.

OPINION BY HEAD, J., April 16, 1917:

The action was tried before a judge of the Municipal Court without a jury. The plaintiff was a small depositor in the defendant bank. He left his pass book with the bank for the purpose of having his account balanced and his paid checks returned to him. He was an illiterate man, and an examination of his testimony would lead to the conclusion he was stupid as well as ignorant, or at least appeared to be so. The bank returned him a list of his paid checks and the checks themselves. He testifies he examined these checks, found them all to be genuine and proper and that their aggregate amount was $459.00. The learned trial judge has found this to be a fact and that the sum named was the correct amount of the bank's charge against the deposits made by the plaintiff. Through some error, the cause of which is not easily to be discovered from the evidence, the bank charged to the plaintiff in his pass book the sum of $477.00. The plaintiff, not noticing this discrepancy, and relying on the fact that his returned checks necessarily measured the extent of the bank's charge against him, drew a couple of small checks against the balance that, on a correct accounting between him and the bank, remained to his credit. The bank declined to pay the checks and the plaintiff brought this action to recover the damages alleged to have been sustained by him by reason of this unwarranted imputation on his financial credit.

In our recent case of Weiner v. North Penn Bank, 65 Pa. Superior Ct. 290, we had occasion to examine the na-

ture of an action like the present one and consider the proper measure of damages flowing from an injury of such character. It cannot be successfully urged in the present case the amount of damages found by the learned trial judge was excessive or beyond the "substantial damages" which it has been held a plaintiff in such a case might recover. We are urged, however, to say that because about one month elapsed from the time of the settlement of the bank book until the plaintiff learned of the discrepancy and complained, he is thereby estopped by his own laches from claiming anything. We are not able so to say.

It cannot be necessary to enter into an elaborate review of the many cases from the Supreme Court of the United States or the courts of other states, urged upon our consideration by the learned counsel for appellant. The force of the doctrine on which he relies is fully declared in our own cases of McNeely v. Bank of North America, 221 Pa. 588, and Lesley v. Ewing, 248 Pa. 135. That the principle established by these cases cannot be controlling here appears to us to be clear for these reasons, among others, viz: (1) There is no case of a forgery by the maker or endorser of a check, and no consequent "substantial right" in the bank to look to another to make good its loss. (2) There is no question of laches on the part of the depositor after actual notice to him. The attempt is to fix him with liability because of alleged constructive notice. (3) The bank presented to its depositor two accounts stated. One by its returned checks as they were listed, another by the way in which his bank book was written up. They should have exhibited an identical result. Why they did not the opinion writer has been unable to discover from the evidence.

The plaintiff, in pursuance of his duty to the bank, examined the checks returned and found them to be genuine and proper charges against his deposits. We know of no decision and of no legal principle that would support one to the effect that he was further bound to

examine his bank book and see what the officers them-
selves should have seen, namely, that there existed a dis-
crepancy between the bank book and the returned checks.
If the defendant may assert the plaintiff was estopped to
deny the accuracy of the charge against him shown by
his pass book, the plaintiff can with equal force urge the
defendant is estopped to controvert the correctness of its
list of returned checks. "An estoppel against an estop-
pel, as Lord Coke says, setteth the matter at large." The
assignments of error are overruled.

　　Judgment affirmed.