# CASES

IN

# THE SUPERIOR COURT

OF

# PENNSYLVANIA

## Lazar *v.* State Bank of Philadelphia, Appellant.

*Banks—Banking—Dishonoring of check—Evidence.*

In an action by a depositor to recover damages from a bank for dishonoring a check for $45, evidence was produced to show that the plaintiff, on the day of the dishonoring of the check for which the suit was brought, presented, in person, a check for $100 which was refused payment by the cashier of the bank, who told the plaintiff that the balance in his favor was only about $50. The plaintiff then destroyed the check for $100, on which he was refused payment, and wrote out and presented his check for $50 which was paid. Subsequently he drew the check for $45, upon which payment was refused.

Under such circumstances it was reversible error to refuse to allow the defendant to ask the plaintiff, on cross-examination, whether knowing these facts as to the discrepancy in his account, as calculated by himself, and computed by the bank, he gave the dishonored check without making any investigation as to the character of the discrepancy.

Argued October 10, 1919. Appeal, No. 109, Oct. T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, Sept. T., 1917, No. 49, on verdict for plaintiff in the case of Isador Lazar v. State Bank of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Trespass to recover damages for refusing payment of a check. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $500 and judgment thereon. Defendant appealed.

*Errors assigned* were in the following form:

1. The learned trial judge erred in sustaining the objection to the following question propounded by the defendant to the plaintiff:

"Q. So that you, knowing at the time you gave this check of forty-five ($45) dollars to the Empire Printing Company, that there was some discrepancy between your account that you kept and the account kept by the State Bank of Philadelphia, you did not make any investigation at that time to find out where the discrepancy existed?"

2. The learned trial judge erred in declining the defendant's point.

Defendant's point which was declined without reading is as follows:

"If you believe that the plaintiff was aware of the discrepancy existing between his account and that of the defendant and drew a check negligently without investigation as to the condition of the account, your verdict should be for the defendant."

3. The learned court below erred in refusing to grant a new trial as requested by the defendant.

*Harry Felix,* and with him *Bernard A. Illoway* and *Abraham Friedman,* for appellant.—The plaintiff cannot make his own voluntary act the ground for recovery in damages: Shultz v. Wall, 134 Pa. 262; Weiner v. North Penn Bank, 65 Pa. Superior Ct. 290.

The defendant was entitled to question the plaintiff as to the circumstances under which he drew the check.

*Bertram D. Rearick,* for appellee, cited: Stevens v. Market Street Title & Trust Co., 65 Pa. Superior Ct. 288; Weiner v. North Penn Bank, 65 Pa. Superior Ct.

290; Patterson v. Marine National Bank, 130 Pa. 419; Nadel v. Peoples Bank, 66 Pa. Superior Ct. 396; Whitcomb v. Phila., 264 Pa. 277; American Surety Company v. Vendegrift Construction Co., 264 Pa. 193.

OPINION BY PORTER, J., February 28, 1920:

The plaintiff, for a few months prior to the transaction out of which this controversy arose, had a small deposit account in the defendant bank. He avers that on April 22, 1916, there was due him in his account with the bank the sum of $60.33, the defendant asserts that upon that day the balance due the plaintiff was only 33 cents. The testimony disclosed that there was no controversy between the parties as to the deposits which the plaintiff had made in the bank; the only question of fact in dispute is as to whether the plaintiff had, on April 4, 1916, drawn a check for $60, which the defendant bank had paid. The plaintiff, on April 22, 1916, drew a check upon the defendant bank in favor of the Empire Printing Company for $45, which check the bank refused to pay and it was returned to the payee marked "Insufficient funds." The plaintiff subsequently brought this action to recover damages for the alleged injury to his "reputation and business credit." The trial in the court below resulted in a verdict for $500, upon which judgment was entered, and the defendant appeals.

The plaintiff testified in his own behalf and during his examination in chief gave a detailed account of all his dealings with the defendant bank and produced a number of checks which he positively testified were all that he had given during the month of April, 1916, and according to his testimony there was, on April 22, 1916, a balance of $60.33 in his favor upon his account with the bank, when he gave to the Empire Printing Company his check "No. 130" for $45, payment of which was by the bank refused. Having thus in his examination in chief given what purported to be a full account of his

dealings with the bank, it was entirely competent for the defendant, upon cross-examination, to fully develop the details of the course of dealings. The cross-examination developed the fact that the plaintiff had, on April 22, 1916, himself gone to the bank with his check "No. 128" for $100 which he presented for payment and payment was refused by the cashier of the bank, who told him that the balance in his favor was only about $50, whereupon the plaintiff destroyed the check for $100 which the bank had refused to pay, and wrote his check "No. 129" for $50, which he presented to the bank and it was paid. It is proper here to observe that although the check for $100 which the bank refused to pay to the plaintiff personally bore the lower serial number "No. 128" than the check which was given to the Empire Printing Company and payment of which was refused (the latter being "No. 130"), both checks bear the same date. These facts having been elicited on cross-examination, the witness was asked the following question: "Q. So that you, knowing at the time you gave this check for $45 to the Empire Printing Company, that there was some discrepancy between your account that you kept and the account kept by the State Bank of Philadelphia, you didn't make any investigation at the time to find out where this discrepancy existed?" The court sustained an objection, on behalf of the plaintiff, to this question, to which ruling the defendant excepted and upon it the first specification of error is founded.

The plaintiff is seeking to recover damages for the injury to his reputation and business credit, caused by the failure of the bank to pay his check. "There is something more than a breach of contract in such cases; there is a question of public policy involved,......and a breach of the implied contract between the bank and its depositor entitles the latter to recover substantial damages": Patterson v. Marine N. Bank, 130 Pa. 419. The implied contract of the bank with its depositor is that it will pay his checks when presented in proper

form so long as he has funds with the bank to meet them. The effect upon the business credit of a merchant, such as this plaintiff, caused by the refusal of his bank to pay his check is of the same nature as that which results when his commercial paper goes to protest. The reason for the rule that a depositor whose check is improperly refused shall be permitted to recover substantial damages was clearly stated by our Brother HEAD, in Weiner v. North Penn Bank, 65 Pa. Superior Ct. 290: "The banks of the country, through which the great volume of our commercial business is transacted, have a deserved reputation for accuracy and care in the conduct of their affairs. Hence, when the check of a depositor is refused at the counter of his bank, that portion of the commercial world, greater or less, that comes within the sphere of his transactions, promptly imputes the blame to him rather than to the bank. This results in an injury to him none the less real and substantial because he may be unable to prove its exact extent. In such cases, as in many others where affirmative proof of the precise money value of an injury, which is to be compensated, ex necessitate, in damages, is difficult if not impossible, it must be left to the common sense and sound discretion of the jury." The same principle was applied in Nadel v. Peoples Bank, 66 Pa. Superior Ct. 396. The very nature of the injury for which compensation is sought and the principles upon which a recovery is permitted, without proof of actual damage, render it proper to admit evidence as to the manner in which a plaintiff has taken precautions to guard his own reputation in his course of dealing with the defendant and all the circumstances in which the plaintiff gave the check, payment of which has been refused by the bank: Love v. Tioga Trust Co., 68 Pa. Superior Ct. 447. "That portion of the commercial world, greater or less, that comes within the sphere" of the transaction, is certainly in some measure dependent upon the circumstances in which the check is issued and payment re-

fused.  When a depositor goes to a bank and presents his own check, refusal of payment is certainly less likely to become known to the business world than when a check is issued in the regular course of business to another party and it is returned to that party marked "No funds."  When a depositor is the only person who knows that payment of his check has been refused, he cannot increase the amount of damages to which he might be entitled by publishing the fact to the world.  In this case the plaintiff had presented his own check for $100, at a time when if his testimony is correct, he had a balance of $110.33 to his credit, and the bank had refused payment of that check, the cashier telling him that his balance was only $50.  When the bank refused to pay that check, if the plaintiff's testimony is true, the breach of duty was complete and he might have brought his action at once.  The plaintiff then knew that there was a discrepancy between the account as he had kept it and that of the bank, and knowing this he presented another check for $50, the amount of his balance according to the books of the bank, and that check was paid.  In these circumstances it was entirely proper for the defendant to ask him, upon cross-examination, whether knowing these facts he gave his check to the Empire Printing Company, without making any investigation as to the character of the discrepancy between his account and that of the bank.  The first specification of error is sustained.

The second specification of error refers to the refusal of the court to affirm a point asking an instruction that if the plaintiff drew the check negligently without investigation as to the condition of the account, the verdict should be in favor of the defendant.  This point was properly refused by the learned judge of the court below. The plaintiff was seeking to recover damages for the breach of an implied contract.  If the jury were satisfied under the evidence that the plaintiff had with the bank funds sufficient to pay the check, then he was entitled to

recover, although it was proper for the jury to consider the circumstances under which the check was given in determining the amount of the damages to which he was entitled. The plaintiff testified that he had not given a check for $60 on the 4th of April, 1916. The books of the bank offered in evidence indicated that such a check had been charged against him in his account. The defendant did not produce that check, nor did it attempt to prove that it had been returned to the plaintiff. The books of the bank were evidence, but they were contradicted by the testimony of the plaintiff, and the question was for the jury.

The judgment is reversed and a venire facias de novo awarded.